(Nos. 81-CC-1512, 82-CC-0448 cons

FLORENCE CRITTENTON PEORIA HOME, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1985.*

HEYL, ROYSTER, VOELKER & ALLEN, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This case arises from a claim against the Department of Children & Family Services for services rendered by Claimant in the prebirth and afterbirth care of young pregnant women and the care of temporary State wards during 1980 and 1981. The Respondent contends the services were unauthorized. The Claimant seeks recovery for services rendered to 19 young women during the period January 1980 through March 1981. Most of the services were for afterbirth care, although some were prebirth, and one for care of a State ward. The amount of recovery requested is not in issue.

During the period of July 1980 through March 1981,

the Claimant rendered services to each of the 19 women. Each was referred to the Claimant through the usual direct purchase or reverse purchase intake system and the Respondent paid the Claimant all or at least part of the prebrith care or daily fees due upon the services rendered to these women. In one case, the Respondent paid for some aftercare. Two cases did not involve any aftercare. The Claimant submitted vouchers for payment of its services in all of these cases as required by the Respondent.

The record discloses that the intake of clients by the Claimant under the contracts with the Respondent can occur in one of two ways. Under a direct purchase of services, the Respondent initiaties placement of the client and the purchase of services from the Claimant. Under a reverse purchase system, the client comes to a private agency, the private agency refers the client to the Claimant and the private agency initiates the request for the purchase of care from the Respondent. All but two women involved in this case represent reverse purchase cases. The private agency is responsible for performing the necessary paper work to make the placement, using a Respondent's form called "a referral for purchase of care for an unwed mother". This is the form with which the Respondent approves or disapproves the initial purchase of services. The Respondent shows its approval by sending the private agency a Form PRO-212. With respect to each of the reverse purchase agreements in this case, the Respondent did approve the purchase of care request with a Form PRO-212. On the "referral for purchase of care for an unwed mother" form, there has been a statement since 1980 which reads,

"Any assistance for living arrangements will be terminated the day of delivery unless a new CFS 940-1 is submitted and approved."

In the afterbirth care cases involved here, a new CFS

940-1 was never sent to the Respondent by the private agency. The Claimant itself has no responsibility for paper work with the Respondent except to send it vouchers for payment. State forms can only be sent in through licensed welfare agencies, which do not include the Claimant. The Claimant does not have the responsibility for these forms nor does it have the requested forms in its possession.

The Claimant was never informed by either the Respondent nor by the private agencies that the Respondent would not pay for afterbirth care services for the women involved in this claim. It appears through testimony that the Claimant was informed by the private agencies that the Respondent would be paying for the care. Further testimony by the Respondent's witnesses showed that the Respondent was aware that the Claimant provided afterbirth care to women, that they never notified the Claimant about the necessity of the CFS 940-1 form, that these forms were never sent to the Claimant for completion, that the Claimant was not responsible for filing the forms, and the Respondent did not expect the Claimant to file said forms.

The record supports the Claimant's position.

It is therefore ordered that Claimant is awarded $7,398.99 in full and complete satisfaction of these two consolidated claims.